**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donnie Romone Twiggs,<br><br>Petitioner,<br><br>v.<br><br>Unknown Josefowicz, et al.,<br><br>Respondents. | No. CV-22-08112-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. ("Petition"). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied.

**I.     Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[2] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Alternatively, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## III.  Objections

Petitioner has filed objections to the R&R. As stated above, this Court must review any specific objections de novo. However, generalized or global objections do not trigger de novo review. *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 11, 2006).

Petitioner also filed a second round of objections, which Respondent moved to strike. Respondent is legally correct that Petitioner is not permitted to file a second round

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), Notes of Advisory Committee on Rules—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review.

[2] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

of objections. *See* Fed. R. Civ. P. 72(b)(2). The Court nonetheless reviewed the second set of objections and finds they do not change the outcome of this case. Accordingly, the Court will deny the motion to strike because the Court considered the second objections even though such consideration was technically procedurally improper.

Both Petitioner's first set of objections and second set of objections qualify as global or general objections in that they merely restate his original claims. They do not identify any factual or legal issue on which the R&R is alleged to be wrong. Instead, the objections object to the conclusion that relief should be denied. This is inadequate to trigger a de novo review of a particular issue. As discussed below, however, the Court has nonetheless considered the R&R de novo.

**IV.   Claims in the Petition**

Petitioner makes four claims in his Petition: 1 and 2) the trial court erred in giving a limiting instruction regarding Petitioner being in prison; 3) the prosecutor committed misconduct by telling the jury Petitioner was in prison; and 4) trial counsel was ineffective for not objecting to and/or preventing any references to Petitioner being in prison. (Doc. 23 at 4-5).

The R&R concludes that claims 1 and 3 were not exhausted in the state courts. (Doc. 23 at 12, 15). No remedies remain available to Petitioner in state court; thus, these claims are defaulted. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); (Doc. 16 at 12). The Court cannot consider defaulted claims unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice to overcome that default. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). None of Petitioner's objections provide an excuse to overcome his default. Therefore, the Court cannot consider these claims on the merits and relief on these claims is denied.

The R&R concludes that claims 2 and 4 are exhausted, but that that the state court's decision denying relief on these claims was not contrary to or an unreasonable application of clearly established federal law nor was the decision based on an unreasonable

determination of the facts. (Doc. 23 at 14, 17). None of Petitioner's objections call into question the state court's decisions on these claims. Therefore, relief is denied on these claims.

As the foregoing discusses, this Court need not consider Petitioner's claims de novo because he did not file specific objections to the R&R. However, even considering the conclusions of the R&R de novo, Petitioner is not entitled to relief.

Specifically, all of Petitioner's claims are based on one "fact" that Petitioner claims was error; namely, the jury was informed that Petitioner was in prison at the time of his offense. Generally, Petitioner is correct that the jury in a criminal proceeding is not advised of a defendant's custody status. *See generally Estelle v. Williams*, 425 U.S. 501, 512 (1976). However, in Petitioner's case, Petitioner was charged with "promoting prison contraband". (Doc. 23 at 2). Therefore, it was not error for the jury to know Petitioner was in prison because being in prison was an element of one of the offenses with which he was charged. Thus, because this fact is the premise of all Petitioner's claims, Petitioner's unexhausted claims can be denied on the merits (*see* 28 U.S.C. § 2254(b)(2)), and even reviewing the R&R de novo, the state court's decision was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, relief will be denied.

## V. Conclusion

As discussed above, relief will be denied. For that reason, and for all of the reasons stated in the R&R (Doc. 23 at 18-20), Petitioner's motion for release during the pendency of the habeas petition will be denied. Accordingly,

**IT IS ORDERED** that the Motion to Strike (Doc. 27) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 23) is accepted; the objections (Docs. 24 at 26) are overruled. The Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion for Release Order (Doc. 17) is denied.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 19th day of September, 2023.

James A. Teilborg
Senior United States District Judge